IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

**FLOYD M. MAYES,**

    Petitioner,

v.

**JIM BARTLETT,**

    Respondent.

No. 3:06-cv-06334-HU

OPINION AND ORDER

**MOSMAN, J.**,

On April 13, 2012, Magistrate Judge Hubel issued his Findings and Recommendation ("F&R") [78] in the above-captioned case, recommending that petitioner's Petition for Writ of Habeas Corpus [2] be denied, and that judgment enter dismissing this case with prejudice. Petitioner, Floyd Mayes, filed objections [80], to which the defendant in this habeas proceeding responded [82].

**STANDARD OF REVIEW**

The magistrate judge makes only recommendations to the court, to which any party may file written objections. The court is not bound by the recommendations of the magistrate judge, but retains responsibility for making the final determination. The court is generally required to

1 – OPINION AND ORDER

make a de novo determination regarding those portions of the report or specified findings or recommendation as to which an objection is made. 28 U.S.C. § 636(b)(1)(C). However, the court is not required to review, de novo or under any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the F&R to which no objections are addressed. *See Thomas v. Arn*, 474 U.S. 140, 149 (1985); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). While the level of scrutiny under which I am required to review the F&R depends on whether or not objections have been filed, in either case, I am free to accept, reject, or modify any part of the F&R. 28 U.S.C. § 636(b)(1)(C).

## DISCUSSION

Petitioner objects to Judge Hubel's recommendations on each count of the petition. He does not, however, explain any errors in Judge Hubel's analysis. Instead, he simply cites his prior filings and provides brief summaries of some prior arguments. (*E.g.,* Pet.'s Obj. [80] 3) (without further explanation, asserting that "Mr. Mayes objects to the recommendation that Ground Five be denied"). I agree with the analysis and recommendations in the F&R and find that petitioner's objections are adequately addressed in the F&R itself. I add one point of explanation, however, as to why I decline to issue a certificate of appealability for Ground Three of the petition.

Petitioner's third ground for relief is that the state trial court incorrectly applied the three-step test under *Batson v. Kentucky*, 476 U.S. 79 (1986). I agree with Judge Hubel that this argument fails, due largely to the "deference owed to the trial judge" under 28 U.S.C. § 2254 and the trial judge's ability to assess the demeanor of the jurors and the prosecutor. (F&R [78] 17); *see Cook v. LaMarque*, 593 F.3d 810, 815 (9th Cir. 2010) ("[W]e must defer to the trial judge's findings regarding the demeanor of the individuals in the courtroom."); *id.* at 816 ("Under

§ 2254(d)(2), we must defer to the California trial court's conclusion that there was no discrimination unless that finding 'was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.'") (quoting 28 U.S.C. § 2254(d)(2)).  Petitioner argues I should issue a certificate of appealability on this issue "because a judge reasonably could find that the prosecutor's proffered race-neutral reason, *i.e.* that Juror Sterling disapproved of accomplice testimony, was undermined by a comparative juror analysis that revealed that the proffered reason was a pretext for purposeful discrimination." (Pet.'s Obj. [80] 4).  However, whether a trial judge could reasonably have gone the other way than the state trial judge here—and therefore rejected the proffered race-neutral explanation—is not the question.

Rather, the controlling issue is whether a reasonable jurist could find it was unreasonable for the trial judge to go the way the trial judge went.  *See Ben-Sholom v. Ayers*, 674 F.3d 1095, 1103 n.4 (9th Cir. 2012) (summarizing standard for issuance of certificate of appealability). Affording appropriate deference to the trial judge on this record, the answer to that question is "no." *See Felkner v. Jackson*, 131 S. Ct. 1305, 1307 (2011) (explaining that where a *Batson* determination turns on credibility evaluations, "[t]he trial court's determination is entitled to great deference and must be sustained unless it is clearly erroneous") (quotations and citation omitted); *Gonzalez v. Brown*, 585 F.3d 1202, 1210 (9th Cir. 2009) (explaining that the court "should give a measure of deference" to a state trial court's decision to credit the prosecutor's nondiscriminatory reasons for challenging a juror); *id*. ("The fact that African-American jurors remained on the panel may be considered indicative of a nondiscriminatory motive.") (quotation omitted).  I therefore decline to issue a certificate of appealability on this issue.

3 – OPINION AND ORDER

## CONCLUSION

Upon review, I agree with Judge Hubel's recommendation and I ADOPT the F&R [78] as my own opinion.

IT IS SO ORDERED.

DATED this __25th__ day of May, 2012.

/s/ Michael W. Mosman
MICHAEL W. MOSMAN
United States District Court
